## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**APPALACHIAN BIBLE COLLEGE, INC.**

      **Plaintiff,**

v.                              **CIVIL ACTION NO.:  5:16-cv-06781**

**FOREMOST INDUSTRIES, INC.,**

      **Defendants.**

### COMPLAINT

Now Comes the Plaintiff, Appalachian Bible College, Inc., by and through counsel, J. Victor Flanagan, Ashley L. Justice and Pullin, Fowler, Flanagan, Brown and Poe, PLLC, and for its Complaint against the Defendant, states and avers as follows:

### PARTIES

1.      The Plaintiff, Appalachian Bible College, Inc., is, and at all times mentioned herein was, a non-profit educational institution, incorporated in the State of West Virginia, with its principal place of business located in Mount Hope, Raleigh County, West Virginia.

2.      The Defendant, Foremost Industries, Inc., is, and at all times mentioned herein, is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business located at 2371 Buchanan Trail West, Greencastle, Pennsylvania 17225-8306.

3.      Foremost Industries, Inc. regularly transacts and conducts business in the State of West Virginia.

## JURISDICTION AND VENUE

4.      This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00.

5.      Venue is proper in this district because a substantial part of the events giving rise to these claims occurred in this district.

6.      The Gift Agreement between Foremost Industries, Inc. and Appalachian Bible College, Inc., which gives rise to this litigation, was signed and executed by Appalachian Bible College, Inc. in Mount Hope, Raleigh County, which is located in the Southern District of West Virginia.

## BACKGROUND

7.      In 1960, Ralph C. Michael was a co-founder of Foremost Industries, Inc., which is engaged in the business of designing, marketing, manufacturing and selling manufactured homes and panelized systems.  Over the years, Mr. Michael built Foremost Industries, Inc. into a successful, thriving business, and by the 1970s, had acquired all shares of capital stock in Foremost Industries, Inc.

8.      In 2012, Mr. Michael, who was 85 years old at the time, decided to retire and sell the company, Foremost Industries, Inc.

9.      In late 2014 and early 2015, Daniel Gordon expressed interest in acquiring Foremost Industries, Inc. from Mr. Michael.

10.     On or about May 29, 2015, Daniel Gordon's company, GLD Foremost Holdings, LLC (Buyer) entered into a Stock Purchase Agreement with Ralph C. Michael (Seller) for the purchase of

Foremost Industries, Inc.

11.     On a date prior to May 29, 2015, Foremost Industries, Inc. entered into a Gift Agreement with Appalachian Bible College, Inc. for a donor commitment in the amount of $4,000,000.00.  *See* Gift Agreement, attached hereto as Exhibit A.

12.     Although the asking price for Foremost Industries, Inc. was $10,000,000.00, Mr. Michael agreed to sell Foremost Industries, Inc. to Daniel Gordon's company, GLD Foremost Holdings, LLC, for a purchase price of $3,000,000.00 and an agreement to satisfy a Gift Agreement between Foremost Industries, Inc. and Appalachian Bible College, Inc.

13.     Upon information and belief, Mr. Michael wanted a buyer of Foremost Industries, Inc. to continue on with the successful business he had worked so hard to create so that the employees of the company could keep their jobs, and Mr. Michael wanted to continue to support Appalachian Bible College, Inc.  Upon information and belief, Daniel Gordon led Mr. Michael to believe that he intended to continue to operate Foremost Industries, Inc., keep the employees working, and to satisfy the Gift Agreement, when he really had no such intention.

14.     The Stock Purchase Agreement between GLD Foremost Holdings, LLC and Ralph C. Michael for the sale of Foremost Industries, Inc., specifically requires Foremost Industries, Inc.'s new owner to comply with the terms of the Gift Agreement between Foremost Industries, Inc. and Appalachian Bible College, Inc.  *See* Stock Purchase Agreement, attached hereto as Exhibit B.

15.     Pursuant to the Gift Agreement, Foremost Industries, Inc. was required to make a payment in the amount of $800,000.00, to Appalachian Bible College, on April 1, 2016, to satisfy the first of five equal installments, which total $4,000,000.00.

16.     Foremost Industries, Inc., through its new owner, failed to make the first payment of

3

$800,000.00 to Appalachian Bible College, Inc. by April 1, 2016.

17.     Ralph Michael has been forced to file suit against GLD Foremost Holdings, LLC and Daniel Gordon in the United States District Court for the Middle District of Pennsylvania because GLD Foremost Holdings, LLC and Daniel Gordon breached the Stock Purchase Agreement by only paying $1,000,000.00 at the closing of the agreement instead of the $3,000,000.00 agreed upon by the parties to the Stock Purchase Agreement. *See* Complaint by Michael against Gordon, attached hereto as Exhibit C, § 58.

18.     Foremost Industries, Inc., through its counsel, has advised Appalachian Bible College, Inc. that the additional payments owed to Appalachian Bible College, Inc. pursuant to the Gift Agreement will not be paid in the future.

19.     In addition to the fact that GLD Foremost Holdings and/or Daniel Gordon have failed to pay the purchase price called for in the Stock Purchase Agreement to Mr. Michael and failed to pay to Appalachian Bible College, Inc., the first installment of $800,000.00 toward the total $4,000,000.00 called for the in Gift Agreement, Foremost Industries, Inc.'s new owner (GLD Foremost Holdings and/or Daniel Gordon) has begun dismantling Foremost Industries, Inc. *See* Complaint by Michael against Gordon, attached hereto as Exhibit C, § 52.

20.     In spite of his representations to Mr. Michael, the 87-year-old former owner of Foremost Industries, Inc., that he would continue Foremost Industries, Inc.'s operations, Daniel Gordon and/or GLD Foremost Holdings, as the new owner of Foremost Industries, Inc. began hiring and firing employees of Foremost Industries, Inc., and scheduled an auction sale of Foremost Industries, Inc.'s assets, including equipment and inventory, for July 11, 2015. *See* Complaint by Michael against Gordon, attached hereto as Exhibit C, § 53-54.

21.     Foremost Industries, Inc., through its new owner, has already sold its panel division, which was a substantial asset of the company.

22.     Upon information and belief, Daniel Gordon has already contacted Carter Lumber Company seeking to sell the production facility of Foremost Industries, Inc. to Carter Lumber Company.

23.     In the last two weeks, Daniel Gordon conducted a public auction in which he sold building materials, generators, compressors and other equipment necessary to operate Foremost Industries, Inc.

24.     Daniel Gordon has already sold cranes, trucks and other vehicles necessary to operate Foremost Industries, Inc.

25.     Employees of Foremost Industries, Inc. have received paychecks which were returned as "non-sufficient funds."

26.     Foremost Industries, Inc. has failed to make 401(k) contributions for employees since April, 2016.

27.     Foremost Industries, Inc. has failed to fund COBRA (Consolidated Omnibus Budget Reconciliation Act) for employees it has released.

28.     Unbeknownst to Mr. Michael, on October 14, 2005, Daniel Gordon, who is now controlling Foremost Industries, Inc., was sentenced in Federal Court to forty-two months imprisonment and three years of supervised release after pleading guilty to wire fraud, money laundering, and conspiracy to falsify books and records. *See* Request for Court Action/Direction, attached hereto as Exhibit D.  Upon information and belief, these criminal charges resulted from Daniel Gordon's scheme to embezzle $43,000,000.00 from Merrill Lynch & Co.  *See* Wall Street

Journal article, attached hereto as Exhibit E.

29.     In a January 13, 2015 Order in a bankruptcy proceeding, Judge Robert Gerby, found

that Gordon "displayed a cavalier disregard for the disclosure obligations in a bankruptcy case. He

made one material nondisclosure after another, and so many false oaths that they are difficult to

count." *See* Order from Bankruptcy Court, attached hereto as Exhibit F, pgs. 2-3 of 40.   The

Bankruptcy Court concluded that "[b]y reason of the concealment of property and false oaths where

the Trustee established her claims, discharge here must be, and is, denied." Id. at pg. 40 of 40.

30.     By Order entered May 2, 2016, Daniel Gordon was sanctioned by the Bankruptcy

Court for his conduct. *See* May 2, 2016, Order, attached hereto as Exhibit G.

31.     It is clear from Daniel Gordon's past and present actions and the actions and

representations of Foremost Industries, Inc. that Foremost Industries, Inc. has no intention of

complying with the Gift Agreement.

**COUNT I- BREACH OF CONTRACT**

32.     Appalachian Bible College, Inc. hereby incorporates and re-alleges all of the

allegations set forth in paragraphs 1 through 31 above.

33.     Foremost Industries, Inc. breached the Gift Agreement with Appalachian Bible

College, Inc. by failing to pay $800,000.00 to Appalachian Bible College, Inc. on April 1, 2016.

34.     Foremost Industries, Inc. and Appalachian Bible College, Inc. agreed that this gift and

any unpaid promised installment under the Gift Agreement "shall constitute Donor's legally binding

obligation and shall be enforceable at law and equity including, without limitation, against the Donor

and Donor's successors and permitted assigns…" *See* Gift Agreement, attached hereto as Exhibit A.

35.     Appalachian Bible College, Inc. relied and continues to rely, to its detriment, upon

6

Foremost Industries, Inc.'s gift, as set forth in the Gift Agreement.

36.     The Gift Agreement to give Appalachian Bible College, Inc. $4,000,000.00 was to act as an inducement for other donors to make contributions and gifts to Appalachian Bible College, Inc. for its charitable purposes. Foremost Industries, Inc.'s breach of the Gift Agreement has therefore prevented the $4,000,000.00 gift from inducing other donors to make contributions and gifts to Appalachian Bible College, Inc.

37.     Appalachian Bible College, Inc. and Foremost Industries, Inc. expressly agreed that Foremost Industries, Inc. would be legally bound by the terms of the Gift Agreement, pursuant to Pennsylvania's Uniform Written Obligation Act (33 Pa.C.S.A. § 6).  Accordingly, Foremost Industries, Inc. is legally obligated to satisfy the $4,000,000.00 gift to Appalachian Bible College, Inc. as set forth in the Gift Agreement.

38.     As a direct and proximate result of Foremost Industries, Inc.'s breach of the Gift Agreement, Appalachian Bible College, Inc. has lost the benefit of the gift and has lost the benefit that such gift would have had in inducing other donors to make contributions and gifts to Appalachian Bible College, Inc. Appalachian Bible College, Inc. would not have experienced these losses but for the breach by Foremost Industries, Inc.

## COUNT II- ANTICIPATORY BREACH OF CONTRACT

39.     Appalachian Bible College, Inc. hereby incorporates and re-alleges all of the allegations set forth in paragraphs 1 through 38 above.

40.     The Gift Agreement specifies that the $4,000,000.00 commitment or gift to Appalachian Bible College, Inc. is to be paid in $800,000.00 increments annually on April 1, 2016 through April 1, 2020.

41.     Foremost Industries, Inc. has already breached the Gift Agreement with Appalachian Bible College, Inc. by failing to make an $800,000.00 payment on April 1, 2016.

42.     Foremost Industries, Inc. has expressed, through its act of continuing to be in breach of the Gift Agreement, that it does not intend to comply with its obligations under the terms of the Gift Agreement.

43.     Foremost Industries, Inc., through its counsel, has advised Appalachian Bible College, Inc. that it does not intend to make the future payments required pursuant to the Gift Agreement.

44.     Foremost Industries, Inc. has unequivocally refused to perform on the Gift Agreement with Appalachian Bible College, Inc.

45.     Through its actions in failing to make the first payment on the Gift Agreement, which was due nearly four months ago, dismantling and selling off assets of Foremost Industries, Inc., and its declaration that it does not intend to comply with the terms of the Gift Agreement in the future, Foremost Industries, Inc. has made a positive, unconditional, and unequivocal declaration of fixed purpose not to perform pursuant to the Gift Agreement in any event or at any time.

46.     Foremost Industries, Inc.'s breach and anticipatory breach of contract is so material and substantial in nature that it is a repudiation of the very essence of the Gift Agreement and serves to defeat the object of the parties to the Gift Agreement.

47.     Foremost Industries, Inc.'s act of dismantling and auctioning off the assets of Foremost Industries, Inc. makes it impossible for Foremost Industries, Inc. to satisfy the terms of the Gift Agreement.

48.     The parties to the Gift Agreement expressly declared that time is of the essence with respect to all of the terms, conditions, representations, and warranties of the Gift Agreement.

8

49.     As a direct and proximate result of Foremost Industries, Inc.'s breach and anticipatory breach of the Gift Agreement, Appalachian Bible College, Inc. has lost the benefit of the gift and has lost the benefit that such gift would have had in inducing other donors to make contributions and gifts to Appalachian Bible College, Inc. Appalachian Bible College, Inc. would not have experienced these losses but for the breach and anticipatory breach of contract by Foremost Industries, Inc.

50.     Appalachian Bible College, Inc. has relied upon this $4,000,000.00 commitment, as set forth in the Gift Agreement, to its detriment.

### COUNT III- CONVERSION

51.     Appalachian Bible College, Inc. hereby incorporates and re-alleges all of the allegations set forth in paragraphs 1 through 50 above.

52.     Foremost Industries, Inc. has wrongfully exerted dominion over the property of Appalachian Bible College, Inc., i.e. the payments due and owing under the Gift Agreement, in denial of Appalachian Bible College, Inc.'s rights.

53.     Foremost Industries, Inc. failed to tender the sum of $800,000.00 to Appalachian Bible College, Inc. on April 1, 2016, which funds Appalachian Bible College, Inc. was entitled to pursuant to the Gift Agreement, and wrongfully exerted control over such funds in denial of Appalachian Bible College, Inc.'s rights to such funds.

54.     Foremost Industries, Inc. failed to tender the sum of $800,000.00 to Appalachian Bible College, Inc. and converted such funds to its own use.

55.     As a direct and proximate result of Foremost Industries, Inc.'s conversion of funds due and owing pursuant to the Gift Agreement, Appalachian Bible College, Inc. has been harmed and has lost the benefit of the funds. Appalachian Bible College, Inc. would not have experienced

9

these losses but for the conversion by Foremost Industries, Inc.

56. Appalachian Bible College, Inc. has relied upon this $4,000,000.00 commitment, including the initial payment of $800,000.00, which Foremost Industries, Inc. has converted to its own use, as set forth in the Gift Agreement, to the detriment of Appalachian Bible College, Inc.

## COUNT IV- UNJUST ENRICHMENT

57. Appalachian Bible College, Inc. hereby incorporates and re-alleges all of the allegations set forth in paragraphs 1 through 56 above.

58. Foremost Industries, Inc. agreed to remit to Appalachian Bible College, Inc. the total sum of $4,000,000.00 through a Gift Agreement, which was also incorporated into the Stock Purchase Agreement between Ralph Michael and GLD Foremost Holdings, LLC, as consideration for the sale of Foremost Industries, Inc.

59. Foremost Industries, Inc.'s new owner has taken control, possession and ownership of Foremost Industries, Inc., but has failed to remit the initial payment of $800,000.00 owed to Appalachian Bible College pursuant to the Gift Agreement.

60. Foremost Industries, Inc.'s new owner has begun selling off the assets of Foremost Industries, Inc. with an expressed intention that Foremost Industries, Inc. does not intend to satisfy the $4,000,000.00 Gift Agreement with Appalachian Bible College, Inc.

61. Foremost Industries, Inc. has been unjustly enriched by retaining the funds owed to Appalachian Bible College, Inc. pursuant to the Gift Agreement.

62. Foremost Industries, Inc. has been unjustly enriched by selling off the assets of Foremost Industries, Inc. without preserving funds to pay the Gift Agreement to Appalachian Bible College, Inc.

63.    Foremost Industries, Inc., through its new ownership, has been unjustly enriched because the company was purchased pursuant to a Stock Purchase Agreement which included the Gift Agreement of $4,000,000.00 as consideration.  Foremost Industries, Inc., through its new ownership, has been unjustly enriched by obtaining the benefits of owning the company without satisfying the obligation due to Appalachian Bible College, Inc.

64.    It would be inequitable and unconscionable to permit Foremost Industries, Inc. to retain the funds ($4,000,000.00) which rightfully belong to Appalachian Bible College, Inc.

65.    As a direct and proximate result of Foremost Industries, Inc.'s failure to pay funds due and owing pursuant to the Gift Agreement, Appalachian Bible College, Inc. has been harmed and has lost the benefit of the funds, while Foremost Industries, Inc. has been unjustly enriched. Appalachian Bible College, Inc. would not have experienced these losses but for the unjust enrichment of Foremost Industries, Inc.

66.    Appalachian Bible College, Inc. has relied upon this $4,000,000.00 commitment, which Foremost Industries, Inc. has kept for its own use, as set forth in the Gift Agreement, to its detriment.

## COUNT V- TEMPORARY RESTRAINING ORDER

67.    Appalachian Bible College, Inc. hereby incorporates and re-alleges all of the allegations set forth in paragraphs 1 through 66 above.

68.    Appalachian Bible College, Inc. requests this Court to issue a temporary restraining order prohibiting Foremost Industries, Inc. from selling, transferring or otherwise disposing of any assets of Foremost Industries, Inc. until the $4,000,000.00 Gift Agreement to Appalachian Bible College, Inc. is fully satisfied and/or until the Court holds a hearing on the Plaintiff's request for a

preliminary injunction.

69. If the temporary restraining order is denied, irreparable harm would certainly result to Appalachian Bible College, Inc. because Foremost Industries, Inc. has already failed to make the first $800,000.00 payment, has advised that it does not intend to make the future payments and is disposing of assets such that it will be unable to satisfy the $4,000,000.00 Gift Agreement with the Plaintiff at the conclusion of this litigation.

70. Foremost Industries, Inc. has already sold the panel division of the company, and Daniel Gordon approached Carter Lumber Company about purchasing the production facility of Foremost Industries, Inc. Additionally, in the last two weeks, Daniel Gordon conducted a public auction in which he sold building materials, generators, compressors and other equipment necessary to operate Foremost Industries, Inc. It is clear that Daniel Gordon is in the process of shutting Foremost Industries, Inc. down such that no funds will be available to satisfy the Gift Agreement.

71. No harm will result to Foremost Industries, Inc. by a temporary restraining order as the $4,000,000.00 at issue rightfully belongs to Appalachian Bible College, Inc. Furthermore, a temporary restraining order preventing Foremost Industries, Inc. from selling and/or transferring assets of the company until the $4,000,000.00 Gift Agreement is satisfied and/or until a hearing is held on the preliminary injunction will not interfere with Foremost Industries, Inc.'s ability to operate its business in the normal course of business operations.

72. The Gift Agreement between Appalachian Bible College, Inc. and Foremost Industries, Inc. is clear and unequivocal. By Foremost Industries, Inc.'s refusal to pay the $800,000.00 payment that was due on April 1, 2016, and by its express intent not to pay the remaining payments set forth in the Gift Agreement, it is clear that Appalachian Bible College, Inc.

will prevail on the merits of this litigation.

73.     Appalachian Bible College, Inc. is a non-profit, educational institution, and the Gift Agreement will assist Appalachian Bible College, Inc. in continuing to provide educational services to the community.   The Gift Agreement at issue is enforceable as a matter of law. Issuing a temporary restraining order serves the public interest by prohibiting a company, Foremost Industries, Inc., from liquidating its assets in an effort to avoid paying a substantial amount of money rightfully owed to a non-profit educational institution, Appalachian Bible College, Inc.

74.     Daniel Gordon, who is now controlling Foremost Industries, Inc., has a history of making false representations in bankruptcy court in order to try to avoid satisfying monetary obligations.

75.     If the temporary restraining order is denied, actual, imminent, and irreparable harm will come to Appalachian Bible College, Inc. because Foremost Industries, Inc. is currently disposing of its assets and will have no assets with which to satisfy the $4,000,000.00 owed to Appalachian Bible College, Inc. Appalachian Bible College, Inc. has detrimentally relied upon the satisfaction of the Gift Agreement in that it has budgeted for the $4,000,000.00 set forth in the Gift Agreement.

76.     Foremost Industries, Inc. cannot demonstrate that it will suffer any irreparable harm by entry of the temporary restraining order, or to the extent that such argument is raised, the risk of any harm is outweighed by that suffered by the Plaintiff.

## COUNT IV- PRELIMINARY INJUNCTION

77.     Appalachian Bible College, Inc. hereby incorporates and re-alleges all of the allegations set forth in paragraphs 1 through 76 above.

13

78.     Appalachian Bible College, Inc. requests this Court to issue a preliminary injunction prohibiting Foremost Industries, Inc. from selling, transferring or otherwise disposing of any assets of Foremost Industries, Inc. until the trial of this matter and until the $4,000,000.00 Gift Agreement to Appalachian Bible College, Inc. is fully satisfied.

79.     If the preliminary injunction is denied, irreparable harm would certainly result to Appalachian Bible College, Inc. because Foremost Industries, Inc. has already failed to make the first $800,000.00 payment, has advised that it does not intend to make the future payments and is disposing of assets such that it will be unable to satisfy the $4,000,000.00 Gift Agreement with the Plaintiff at the conclusion of this litigation if an injunction is not issued in the very near future.

80.     No harm will result to Foremost Industries, Inc. by a preliminary injunction as the $4,000,000.00 at issue rightfully belongs to Appalachian Bible College, Inc.   Furthermore, a preliminary injunction preventing Foremost Industries, Inc. from selling and/or transferring assets of the company until the $4,000,000.00 Gift Agreement is satisfied will not interfere with Foremost Industries, Inc.'s ability to operate its business in the normal course of business operations.

81.     The Gift Agreement between Appalachian Bible College, Inc. and Foremost Industries, Inc. is clear and unequivocal. By Foremost Industries, Inc.'s refusal to pay the $800,000.00 payment that was due on April 1, 2016, and by its express intent not to pay the remaining payments set forth in the Gift Agreement, it is clear that Appalachian Bible College, Inc. will prevail on the merits of this litigation.

82.     Appalachian Bible College, Inc. is a non-profit, educational institution, and the Gift Agreement will assist Appalachian Bible College, Inc. in continuing to provide educational services to the community.   The Gift Agreement at issue is enforceable as a matter of law. Enforcing this

Agreement by issuing a preliminary injunction serves the public interest by prohibiting a company, Foremost Industries, Inc., from liquidating its assets in an effort to avoid paying a substantial amount of money rightfully owed to a non-profit educational institution, Appalachian Bible College, Inc.

83.     Daniel Gordon, who is now controlling Foremost Industries, Inc., has a history of making false representations in bankruptcy court in order to try to avoid satisfying monetary obligations and has expressed, through his counsel, his intent for Foremost Industries, Inc. to continue to refuse to pay the payments owed to Appalachian Bible College, Inc. pursuant to the Gift Agreement.

84.     If the preliminary injunction is denied, actual, imminent, and irreparable harm will come to Appalachian Bible College, Inc. because Foremost Industries, Inc. is currently disposing of its assets and will have no assets with which to satisfy the $4,000,000.00 owed to Appalachian Bible College, Inc. Appalachian Bible College, Inc. has detrimentally relied upon the satisfaction of the Gift Agreement in that it has budgeted for the $4,000,000.00 set forth in the Gift Agreement.

85.     Foremost Industries, Inc. cannot demonstrate that it will suffer any irreparable harm by entry of the preliminary injunction, or to the extent that such argument is raised, the risk of any harm is outweighed by that suffered by the Plaintiff.

WHEREFORE, Plaintiff Appalachian Bible College, Inc., prays:

a)      That Appalachian Bible College, Inc. be awarded a trial by jury;

b)      That Appalachian Bible College, Inc. be awarded compensatory and consequential damages in an amount no less than $4,000,000.00 for damages incurred by Appalachian Bible College, Inc.;

c)      That Appalachian Bible College, Inc. be awarded pre- and post-judgment interest;

15

d)   That a temporary restraining order issue against Foremost Industries, Inc.;

e)   That a preliminary injunction order issue against Foremost Industries, Inc.;

f)   Court costs and attorneys' fees incurred by Appalachian Bible College, Inc. in preparation and prosecution of this action; and

g)   Such other and further relief as justice may required.

Submitted this 28th day of July, 2016.

By Counsel,

J. Victor Flanagan, WV State Bar No. 5254
Ashley L. Justice, WV State Bar No. 10238
vflanagan@pffwv.com
ajustice@pffwv.com

*PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC*
600 Neville Street
Suite 201
Beckley, WV  25801
Telephone:   (304) 254-9300
Facsimile:   (304) 255-5519

16

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**APPALACHIAN BIBLE COLLEGE, INC.**

       Plaintiff,

v.                            **CIVIL ACTION NO.:**

**FOREMOST INDUSTRIES, INC.,**

       Defendants.

## VERIFICATION

**STATE OF WEST VIRGINIA,**

**COUNTY OF RALEIGH, TO-WIT:**

I, Dr. Daniel Anderson, President of Appalachian Bible College, Inc., having been first duly sworn, upon oath deposes and says that the statements and allegations contained in the foregoing Complaint are true, except insofar as they are therein stated to be upon information and belief, and insofar as they are therein stated to be upon information and belief, I believe them to be true.

                           Dr.   Daniel   Anderson,   President   of
                           Appalachian Bible College, Inc.

Taken, subscribed and sworn to before me, this the 28th day of July, 2016.

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
MICHELE BETH ALLEN
113 CAMPBELL ST.
BECKLEY, WV 25801
My commission expires October 1, 2017

Michele Allen, Notary