IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| APPALACHIAN BIBLE COLLEGE | : | |
| Plaintiff | : | Civil Action No. 1:17-CV-00184 |
| v. | : | HONORABLE JOHN E. JONES, III |
| FOREMOST INDUSTRIES | : | |
| | : | JURY TRIAL DEMANDED |
| Defendant | : | |

**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES**

1.   Admitted.

2.   Admitted.

3.   Denied.

4.   Denied as a legal conclusion.

5.   Denied as a legal conclusion.

6.   Admitted based upon information and belief.

7.   It is admitted that Ralph C. Michael was a co-founder of Foremost Industries Inc. but the rest of this allegation is denied.

8.   Admitted. By way of further answer, Foremost Industries Inc. was in severe financial distress at the time.

9. Admitted in part. It is admitted that Daniel Gordon, acting on behalf of GLD Partners, LP, expressed interest in acquiring Foremost Industries Inc. from Mr. Michael. The rest of this paragraph is denied.

10. It is admitted that GLD Foremost Holdings LLC entered into a stock purchase agreement with Ralph C. Michael for the purchase of Foremost Industries Inc. The rest of this paragraph is denied.

11. The document speaks for itself. To the extent a further answer is required, it is believed that Foremost Industries Inc. entered into a gift agreement with Appalachian Bible College Inc.

12. Denied as stated. By way of further answer, see the stock purchase agreement for the purchase of Foremost Industries Inc.

13. Denied.

14. The document speaks for itself.

15. The document speaks for itself.

16. It is admitted that Foremost Industries Inc. did not pay Appalachian Bible College Inc. $800,000.00 on or before April 1, 2016.

17. Denied. By way of further answer, Ralph C. Michael misrepresented and concealed the financial standing and financial viability of Foremost in the sale of the Foremost stock.

18. It is admitted that Foremost Industries Inc. does not intend to make any payments to Appalachian Bible College Inc. because it does not have the financial viability to do so. The rest of this allegation is denied.

19. Denied. By way of further answer, because of its extremely poor financial condition, Foremost Industries Inc. has ceased operations.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. The document speaks for itself. All other allegations are denied.

29. Denied. The document speaks for itself.

30. Denied. The document speaks for itself.

31. Denied.

## COUNT I _ BREACH OF CONTRACT

32. Defendant hereby incorporates its response to paragraphs 1 – 31.

33. Denied as a conclusion of law. By way of further answer, it is admitted that Foremost Industries Inc. did not pay Appalachian Bible College Inc. $800,000.00 on or before April 1, 2016.

34. Denied. The document speaks for itself.

35. Denied. By way of further answer, because of its extremely poor financial condition, Foremost Industries Inc. has ceased operations.

36. Denied as a conclusion of law.

37. Denied as a conclusion of law.

38. Denied as a conclusion of law.

## **COUNT II – ANTICIPATORY BREACH OF CONTRACT**

39. Defendant hereby incorporates its response to paragraphs 1 – 38.

40. Denied.  The document speaks for itself.

41. Denied as a conclusion of law.

42. Denied as a conclusion of law.

43. Denied as stated.  Defendant does not have the financial ability to make the payments.

44. Denied as a conclusion of law.

45. Denied as a conclusion of law.

46. Denied as a conclusion of law.

47. Denied as a conclusion of law.

48. Denied.  The document speaks for itself.

49. Denied as a conclusion of law.

50. Denied as a conclusion of law.

## **COUNT III - CONVERSION**

51. Defendant hereby incorporates its response to paragraphs 1 – 50.

52. Denied as a conclusion of law.

53. Denied as a conclusion of law.

54. Denied as a conclusion of law.

55. Denied as a conclusion of law.

56. Denied as a conclusion of law.

## COUNT IV – UNJUST ENRICHMENT

57. Defendant hereby incorporates its response to paragraphs 1 – 56.

58. Denied as a conclusion of law. By way of further answer, the document speaks for itself.

59. Denied as a conclusion of law.

60. Denied as a conclusion of law.

61. Denied as a conclusion of law.

62. Denied as a conclusion of law.

63. Denied as a conclusion of law.

64. Denied as a conclusion of law.

65. Denied as a conclusion of law.

66. Denied as a conclusion of law.

## COUNT V – TEMPORARY RESTRAINING ORDER

67. Defendant hereby incorporates its response to paragraphs 1 – 66.

68. Denied as a conclusion of law.

69. Denied as a conclusion of law.

70. Denied. By way of further answer, because of its extremely poor financial condition, Foremost Industries Inc. has ceased operations.

71. Denied as a conclusion of law.

72. Denied as a conclusion of law.

73. Denied as a conclusion of law.

74. Denied.

75. Denied as a conclusion of law.

76. Denied as a conclusion of law.

## COUNT IV – PRELIMINARY INJUNCTION

77. Defendant hereby incorporates its response to paragraphs 1 – 76.

78. Denied as a conclusion of law.

79. Denied as a conclusion of law.

80. Denied as a conclusion of law.

81. Denied as a conclusion of law.

82. Denied as a conclusion of law.

83. Denied.

84. Denied as a conclusion of law.

85. Denied as a conclusion of law.

WHEREFORE Defendant Foremost Industries Inc., demands judgment against Appalachian Bible College and such other relief as this Court deems appropriate.

## DEFENDANT'S AFFIRMATIVE DEFENSES

86. Defendant hereby incorporates its response to paragraphs 1 – 85.

### FIRST AFFIRMATIVE DEFENSE

87. Plaintiff's claims are barred by failure of consideration.

### SECOND AFFIRMATIVE DEFENSE

88. Plaintiff's claims are barred by lack of reasonable reliance.

### THIRD AFFIRMATIVE DEFENSE

89. Plaintiff's claims are barred by impossibility.

### FOURTH AFFIRMATIVE DEFENSE

90. Plaintiff's claims are barred by unconscionability.

### FIFTH AFFIRMATIVE DEFENSE

91. Plaintiff's claims are barred by mistake.

### SIXTH AFFIRMATIVE DEFENSE

92. Plaintiff's claims are barred by discharge by supervening frustration.

### SEVENTH AFFIRMATIVE DEFENSE

93. Plaintiff's claims are barred by discharge by supervening impracticability.

### EIGHTH AFFIRMATIVE DEFENSE

94. Plaintiff's claims are barred by rescission.

### NINTH AFFIRMATIVE DEFENSE

95. Plaintiff's claims are barred by the Plaintiff's Assumption of the Risk.

### TENTH AFFIRMATIVE DEFENSE

96. Plaintiff is estopped from demanding the relief request throughout its Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

97. Plaintiff's claims are barred by the statute of frauds.

### TWELTH AFFIRMATIVE DEFENSE

98. Plaintiff's claims are barred by the Plaintiff's waiver.

WHEREFORE Defendant Foremost Industries Inc., demands judgment against Appalachian Bible College and such other relief as this Court deems appropriate.

Respectfully submitted,

CIPRIANI & WERNER, P.C.

BY: *Jeffrey T. McGuire /s/*
JEFFREY T. MCGUIRE, ESQUIRE
Counsel for the Defendant,
Foremost Industries Inc.

Date: 1/17/18