# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| APPALACHIAN BIBLE COLLEGE, | : | 1:17-cv-184 |
|     Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | |
| FOREMOST INDUSTRIES | : | |
|     Defendant. | : | |

## **MEMORANDUM**

## **April 17, 2018**

Plaintiff, Appalachian Bible College ("ABC") brought this action, in part, to enforce a gift agreement in which Defendant, Foremost Industries pledged $4,000,000 to ABC in five equal, annual payments. Presently pending before the Court is ABC's Motion for Summary Judgment. (Doc. 48). Because Foremost Industries failed to respond to the Motion by the deadline we set in our March 16, 2018, Order, (Doc. 52), we will consider the Motion unopposed and will consider the Motion accordingly.

**I.**     **FACTUAL BACKGROUND**

Foremost Industries has not opposed ABC's statement of facts, so we treat the facts as undisputed. Sometime prior to May 29, 2015, Foremost Industries, a Pennsylvania corporation, agreed to a donor commitment of $4,000,000 with ABC, a non-profit educational institution incorporated in the State of West Virginia. (Doc. 48-4, ¶ 1). The Gift Agreement was executed by Ralph C. Michael, then

president of Foremost Industries, and Dr. Daniel Anderson, president of ABC. (*Id.* at ¶ 3). Under the agreement, Foremost Industries would satisfy the pledge in five equal payments of $800,000 per year from April 1, 2016, through April 1, 2020. (*Id.* at ¶ 5). The Gift Agreement provided that the commitment would be legally binding and enforceable against "Donor and the Donor's successors and permitted assigns." (*Id.* at ¶ 6).

On or about May 29, 2015, Mr. Michael, as president, director, and sole shareholder of Foremost Industries, and Marjorie Michael, also a member of the board of directors, executed a unanimous written consent that ratified the Gift Agreement. (*Id.* at ¶ 7). The same day, GLD Foremost Holdings ("GLD") entered into a stock purchase agreement with Mr. Michael to purchase all issued and outstanding shares of common stock of Foremost Industries. (*Id.* at ¶ 11). The Stock Purchase Agreement specifically acknowledges the Gift Agreement as a continuing, binding legal obligation of Foremost Industries. (*Id.* at ¶ 12). GLD, now the sole shareholder of Foremost Industries, then executed a unanimous written consent that again ratified and affirmed the Gift Agreement between Foremost Industries and ABC. (*Id.* at ¶ 13).

On April 1, 2016, and April 1, 2017, Foremost Industries failed to make its first two payments under the Gift Agreement. (*Id.* at ¶ 17). Furthermore, Foremost

Industries has indicated to ABC that it does not intend to make the future payments owing under the Gift Agreement. (*Id.* at ¶ 18).

## II.    PROCEDURAL HISTORY

ABC initiated this action by filing a Complaint in the Southern District of West Virginia on July 28, 2016. (Doc. 1). ABC stated claims of breach of contract, anticipatory breach of contract, conversion, and unjust enrichment. ABC also sought a temporary restraining order and a preliminary injunction to prevent Foremost Industries from selling off assets. On August 9, 2016, District Judge Irene S. Berger denied ABC's request for a temporary restraining order and subsequent preliminary injunction. (Doc. 8). On September 12, 2016, Foremost Industries moved to transfer venue to the Middle District of Pennsylvania, (Doc. 15), which was granted on January 31, 2017. (Doc. 25).

On May 1, 2017, ABC filed an Amended Complaint, which essentially recaptioned its original complaint for the Middle District of Pennsylvania. (Doc. 40). Foremost Industries filed its Answer on January 17, 2018. (Doc. 47). ABC filed the present Motion for Summary Judgment on January 31, 2018, (Doc. 48), followed by a brief in support on February 12, 2018. (Doc. 49). Foremost Industries has failed to file a brief in opposition to the Motion. On March 16, 2018, the Court ordered Foremost Industries to file an opposition brief no later than April 16, 2018, due to concerns that Foremost Industries was engaging in dilatory tactics

by repeatedly seeking leave to obtain new counsel. (Doc. 52). Despite the clear language of our Order, and our warning that failure to file an opposition brief would result in our considering the Motion as unopposed, Foremost Industries has not filed its brief in time. We therefore shall dispose of ABC's Motion accordingly.

### III. STANDARD OF REVIEW

Summary judgment is appropriate if the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a fact is "material" only if it might affect the outcome of the action under the governing law. *See Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 172 (3d Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A court should view the facts in the light most favorable to the non-moving party, drawing all reasonable inferences therefrom, and should not evaluate credibility or weigh the evidence. *See Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 772 (3d Cir. 2013) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).

Initially, the moving party bears the burden of demonstrating the absence of a genuine dispute of material fact, and upon satisfaction of that burden, the non-movant must go beyond the pleadings, pointing to particular facts that evidence a

genuine dispute for trial. *See id.* at 773 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). In advancing their positions, the parties must support their factual assertions by citing to specific parts of the record or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. Civ. P. 56(c)(1).

A court should not grant summary judgment when there is a disagreement about the facts or the proper inferences that a fact finder could draw from them. *See Reedy v. Evanson*, 615 F.3d 197, 210 (3d Cir. 2010) (citing *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir. 1982)). Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Layshock ex rel. Layshock v. Hermitage Sch. Dist.*, 650 F.3d 205, 211 (3d Cir. 2011) (quoting *Anderson*, 477 U.S. at 247-48) (internal quotation marks omitted).

## IV. DISCUSSION

ABC seeks summary judgment based on its claims of breach of contract and anticipatory breach of contract. We consider both claims under Pennsylvania law, as expressly provided for in the Gift Agreement. Under Pennsylvania law, to establish a claim of breach of contract, a plaintiff must show: "(1) the existence of a contract, including its essential terms, (2) a breach of the contract; and, (3)

resultant damages." *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016). In a claim for anticipatory breach of contract, a plaintiff must show that the breaching party conveys "an absolute and unequivocal refusal to perform or a distinct and positive statement of an inability to do so." *Boro Const., Inc. v. Ridley School Dist.*, 992 A.2d 208, 217 (Pa. Commonw. Ct. 2010) (quoting *McClelland v. New Ansterdam Casualty Co.*, 185 A. 198, 200 (Pa. 1936)). We begin by considering ABC's claim of breach of contract.

  The existence of the Gift Agreement in this case is undisputed. The Gift Agreement contains all the essential terms and indicates the parties' intent to be legally bound and to legally bind successor entities. Furthermore, Foremost Industries ratified the Gift Agreement twice, first while Mr. Michael was sole shareholder and later after GLD acquired all shares. Thus, the first element has been satisfied. The second element requires a breach of a duty imposed by the contract. In this case, the contract imposed a duty on Foremost Industries to pay $800,000 per year from April 1, 2016, through April 1, 2020. In its Answer, Foremost Industries admits that it did not pay ABC the $800,000 due on April 1, 2016, and that it did not intend to make any future payments to ABC under the Gift

Agreement. (Doc. 47, ¶¶ 16, 18).[1] Thus, according to Foremost Industries' own admissions, the second element has been satisfied. The final element, resultant damages, is also easily satisfied. By the plain terms of the Gift Agreement, Foremost Industries was obligated to pay ABC $800,000 per year beginning April 1, 2016, and continuing for five years. As of the time of this writing, Foremost Industries was obligated to pay ABC $2.4 million. ABC has not seen a single penny of that pledge, which Foremost Industries freely admits. Furthermore, the Gift Agreement states that ABC "is relying, and shall continue to rely, to its detriment" on full satisfaction of the pledge, and that the gift would be used as "an inducement for other donors to make contributions and gifts to ABC for its charitable purposes." (Doc. 1, Ex. A).

Therefore, with respect to the $800,000 payments due on April 1, 2016, April 1, 2017, and April 1, 2018, Foremost Industries has breached its contract with ABC. Thus, on the claim of breach of contract, we shall grant ABC's Motion for Summary Judgment.

Turning now to the claim of anticipatory breach of contract, we reiterate that Foremost Industries, in its Answer, admitted that it had no intention of satisfying

---

[1] It is worth clarifying that, at the time the Complaint was filed, only the 2016 payment had been due. Thus, although the 2017 was also due by the time Foremost Industries filed its Answer, there was no allegation in the Complaint about the missing 2017 payment for Foremost Industries to respond to. Clearly, however, Foremost Industries admitted that it had no intention of making any payments under the Gift Agreement, which tacitly acknowledges that the 2017 payment also was not made.

the Gift Agreement because of an inability to pay. We find that this constitutes an "absolute and unequivocal refusal to perform." Therefore, we find that Foremost Industries has anticipatorily breached its contract with ABC with respect to the $800,000 payments due on April 1, 2019, and April 1, 2020. Thus, on the claim of anticipatory breach of contract, we also shall grant ABC's Motion for Summary Judgment.

**IV.   CONCLUSION**

Consistent with the foregoing analysis, we shall grant Plaintiff, Appalachian Bible College's Motion for Summary Judgment. (Doc. 48). We shall issue a separate order in accordance with this ruling.

  s/ John E. Jones III
John E. Jones III
United States District Judge